# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | **02 C 3139** | **DATE** | March 5, 2003 |
| **CASE TITLE** | Linda Simack, et al　　　v　　City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Hearing

(5) ☒ Status hearing set for 3/18/03, at 9:00 a.m.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ☒ [Other docket entry]

Memorandum opinion and order entered. Accordingly, defendants' motion to dismiss is granted in part and denied in part. Count 1 is dismissed and count 3 is dismissed as it rrelates to the defendants in their official capacities.

(11) ☒ [For further detail see order attached to the original minute order.]

| | | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | number of notices | |
| | No notices required. | | | | |
| X | Notices mailed by judge's staff. | | | MAR 0 6 2003 | 41 |
| | Notified counsel by telephone. | | | date docketed | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | U.S. DISTRICT COURT CLERK | date mailed notice | |
| GDS | courtroom deputy's initials | 03 MAR -5 PM 1:51 | FILED | | |
| | | Date/time received in central Clerk's Office | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA SIMACK, RONALD PORTIS, MARDRIC LANCE and EMMETT LYNCH, individually and on behalf of a class, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No.    02 C 3139 |
| CITY OF CHICAGO, CHICAGO POLICE DEPARTMENT, TERRY G. HILLARD, Superintendent of the Chicago Police Department, JOSEPH GRIFFIN, JOHN RISELY, FRANCIS KEHOE and EVERT L. JOHNSON, | ) ) ) ) ) ) ) | Judge Robert W. Gettleman |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Linda Simack, Ronald Portis, Mardric Lance, and Emmett Lynch, individually and on behalf of all others similarly situated, have brought a three count second amended putative class action complaint against the City of Chicago, Chicago Police Department ("CPD"), Terry G. Hillard, Joseph Griffin, John Risely, Francis Kehoe, and Evert L. Johnson pursuant to 42 U.S.C. § 1983. The complaint alleges generally that the City and the CPD have a policy and practice of unconstitutionally detaining for excessive periods of time, individuals arrested for non-violent ordinance violations, punishable by fine only, with no period of incarceration. Count I, brought against all defendants, seeks injunctive relief. Counts II and III, brought against the City and individual defendants respectively, seek monetary damages on behalf of the putative class. Defendants have moved to dismiss all three counts for lack of standing and failure to state a claim. For the reasons stated below, the court grants defendants' motion in part and denies it in part.

## BACKGROUND

Plaintiffs, each at separate times and on separate dates, were arrested for non-violent, non-jailable misdemeanor offenses. Plaintiffs' offenses included disorderly conduct, peddling without a license, ticket scalping and soliciting donations. After arrest, each plaintiff was then taken to a Chicago police station where standard administrative procedures were completed. After completion of all these administrative procedures incident to an arrest, plaintiffs claim they were detained for anywhere from 5.5 to 15 hours.

Plaintiffs allege they were each eligible for release on an I-Bond pursuant to Rule 553(d) of the Illinois Supreme Court, Ill. Sup. Ct. R. 553(d), because each were arrested for a non-jailable misdemeanor, had no pending arrest warrants and were unable to meet the amount of bail set for each respective offense.

## STANDARD FOR MOTIONS TO DISMISS

A complaint should not be dismissed for lack of standing unless the plaintiff can not prove the necessary allegations. When asking for injunctive relief, the plaintiff is required to allege a "real and immediate danger that the alleged harm will occur." City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). As a result, in determining whether plaintiffs have standing, the court accepts as true all well-pled allegations in the complaint, but can also consider information beyond the complaint. Perry v. Village of Arlington Heights, 186 F.3d 826, 829 (7th Cir. 1999) (citing Warth, 422 U.S. at 501); see also United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996).

A complaint should not be dismissed for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

to relief." Hartford Fire Insurance Co., et al. v. California et al., 113 S.Ct. 2891, 2917 (1993).

The court accepts as true all of the plaintiff's well pled factual allegations, and gives the plaintiff

the benefit of every reasonable inference that it may draw from these facts. Scheuer v. Rhodes,

416 U.S. 232, 236 (1979); Powe v. City of Chicago, 664 F.2d 639, 642 (7th Cir. 1981).

## DISCUSSION

Defendants move to dismiss all counts generally, asserting that plaintiffs have failed to

state a claim for violation of their Fourth Amendment rights. Plaintiffs allege that they were

entitled to release on bond, but were detained, and were not released on an I-Bond until hours

later. Plaintiffs claim this violates their Fourth Amendment right against unreasonable detention.

Defendants, on the other hand, claim the police officers have the right to detain these individuals

for a period of time before their release.

First, under Illinois law,

"persons arrested for or charged with an offense covered by Rules 526, 527 and
528 who are unable to secure release from custody under these rules may be
released by giving individual bond (in the amount required by this article) by
those law enforcement officers designated by name or office by the chief judge of
the circuit, except when the accused is (1) unable or unwilling to establish his
identity or submit to being fingerprinted as required by law, (2) is charged with an
offense punishable by imprisonment and will pose a danger to any person or the
community, or (3) elects release on separate bail under Rule 503(a)(3) or
503(a)(4). . .

Ill. Sup. Ct. R. 553(d).

Plaintiffs claim that according to this statute, even if an individual arrested for a non-

violent misdemeanor offense cannot post bond, they are entitled to immediate release on I-Bond.

Defendants claim, however, that because this statute states the individual "may" be released on

bond, they have discretion and can hold the individual for a reasonable time before going to an officer who is able to authorize release.

The Illinois Appellate Court in Lampe v. Ascher, 376 N.E.2d 74, 77 (4th Dist. 1978), held, however, that there is no such police discretion, and that police are required to issue a bond to misdemeanor detainees. The court stated that while the statutes regulating the use and acceptance of bond use the word "may" in discussing when an officer is to accept bail, the intent of the drafters "must be determined not simply and automatically from the words themselves but from all of the circumstances before the court including the presence of a public interest which is deserving of protection." Id. The court then stated the purpose of accepting bond from misdemeanor defendants was to avoid undue delay in detentions. Id. Therefore, the court held that the proper definition of "may" is that there is a "mandatory duty on a police department to accept tendered bail set either by a judge or a supreme court rule from misdemeanor defendants". Id. at 77-8.

Defendants contend this interpretation applies only to tendered bail. However, defendants' interpretation would be contrary to the purpose of the statute. As the Appellate Court noted, if discretion were allowed by police officers, this bond acceptance process would be considered unconstitutional because it would deny equal protection as it relates to each misdemeanor defendant. Id. at 78. To prevent that occurrence, police officers are required to accept the bond whenever it is set. This statutory construction has been adopted by other courts considering the issue. See, e.g., Hood v. Chicago, 1987 U.S. Dist. LEXIS 12082 at *6; Doulin v. Chicago, 662 F.Supp. 318, 329 (N.D. Ill 1987). The fact that the term "may" should be construed as "shall" is now included as a comment to 725 ILCS 5/110-9.

4

Bond is required by Illinois Supreme Court Rule 553(d), which allows those misdemeanor defendants who are unable to secure bail the ability to be released on an individual bond. Ill. Sup. Ct. R. 553(d). In the instant case each plaintiff alleges that he or she satisfies the requirements for being released on the I-Bond, because each was arrested for a non-violent misdemeanor offense, had no other pending arrest warrants, and was unable to pay the set amount of cash bond. Therefore, the police officers processing these plaintiffs had no discretion in releasing them on I-Bonds.

Defendants also argue that the United States Supreme Court has adopted a "reasonableness" standard in detention cases. County of Riverside v. McLaughlin, 500 U.S. 44 (1991). According to defendants, even if the officers were required to release the individuals on I-Bond, they were allowed a "reasonable" amount of time to detain them. However, this "reasonable" detention period applies only when the detainee is being held in order to wait for a probable cause determination by a magistrate. Id. (discussing only the "reasonable" amount of time for detention when waiting for a probable cause hearing). In this case, none of the plaintiffs were ever given a probable cause hearing after their detention period.

Further, in the case of misdemeanors, courts have stated that the right to be released on bond is the substitute for a probable cause hearing. Hood, 1987 U.S. Dist. LEXIS 12082 at *6. Thus, after standard administrative procedures are complete, police officers have a mandatory duty to release on I-Bond those individuals who are eligible and are not waiting for probable cause determinations. Id. Plaintiffs here allege that the officers held the individual plaintiffs for anywhere from 5 to 15 hours after the administrative procedures were complete. The court thus

concludes that the plaintiffs did have a right to be released on I-Bond, and that they have sufficiently alleged that the length of detention is unreasonable under the circumstances.

In addition to defendant's basic argument that plaintiffs had no guaranteed right to be released on I-Bonds, and therefore have not stated a claim for a Fourth Amendment violation, defendants have also argued against the validity of each count separately. The court will address each of these arguments.

Count I

Count I of plaintiffs' second amended complaint seeks injunctive relief against defendants from unlawfully detaining individuals qualifying for release on I-Bond. Defendants move to dismiss this count, asserting that plaintiffs do not have standing to seek injunctive relief. In a § 1983 claim, the plaintiff must show a "real and immediate danger that the alleged harm will occur." City of Los Angeles v. Lyons, 461 U.S. 95, 101, 102 (1983) ("past exposure to illegal conduct does not in itself show a present case for injunctive relief."). Thus, plaintiffs must first allege a real and immediate danger of future arrest and then unlawful detention. Tatum v. Davis, 1996 WL 388405, at *4 (N.D.Ill. July 9, 1996). In doing so, plaintiffs cannot base their claim on their anticipation that defendant will violate some law in the future. O'Shea v. Littleton, 414 U.S. 488, 496-7 (1974).

In their response to defendant's motion to dismiss, plaintiffs claim that three of the plaintiffs will continue to panhandle and that they will be arrested for some misdemeanor crime while doing so. Because plaintiffs cannot allege that they will violate a law in the future, O'Shea, 414 U.S. at 496-7, they are speculating that they will be wrongfully arrested for some misdemeanor in the future. They not only must anticipate being wrongfully arrested for a

misdemeanor, but must also anticipate that they will be detained unreasonably. These possibilities, however, are speculative rather than real nor immediate. Speculation does not satisfy a standing requirement. Sierakowski v. Ryan, 223 F.3d 440, 444 (7th Cir. 2000). The only support plaintiffs rely on is an alleged past wrong -- that individuals have been unlawfully detained after a lawful arrest for a misdemeanor violation. While past wrongs may be indicative of some similar future occurrence, it does not satisfy the necessary requirements of standing for injunctive relief. Id. at 445. Therefore, defendants' motion to dismiss Count I is granted.

Count II

In Count II of their second amended complaint, plaintiffs seek monetary damages from the City of Chicago based on the City's policy and procedure of detaining plaintiffs after arrests of non-violent, non-jailable, ordinance violations for an extended period. The defendants move to dismiss Count II, arguing that plaintiffs fail to state a policy and practice claim against the City. Defendants first claim that a policy or custom must be shown through deliberate conduct and there must be a direct causal link. Board v. Brown, 117 S. Ct. 1382 (1997). Defendants claim that plaintiffs have not satisfied this requirement as it relates to the City of Chicago. Defendants also argue that although a complaint need not plead evidence, there must be more than just a conclusory allegation of a policy or custom. Hood, 927 F.2d at 315. Finally, defendants state that the policy must be made or condoned by a person with "final policymaking authority". Latuszkin v. Chicago, 250 F.3d 502, 505 (7th Cir. 2001).

Plaintiffs have alleged that the Mayor and City Council have a policy of community policing programs that frequently arrest and detain people found to be committing misdemeanors, including loitering, disorderly conduct, panhandling, and scalping tickets.

Plaintiffs have also alleged that the Mayor and City Council post public notices stating that the community will arrest these individuals, that they are aware these individuals are usually not prosecuted, and that they are aware these arrests do not typically stop the individuals from pursuing these activities again in the future. Plaintiffs have also cited a case pending against the City, which details over 2,000 arrest reports for defendants arrested for the above cited misdemeanors.

Thus, while plaintiffs are not required to plead evidence, they have done more than merely allege that there is a policy or custom in a conclusory fashion. Assuming these allegations to be true, these statements provide a linkage between the City of Chicago and the policy or custom. Finally, plaintiffs have alleged that the Mayor, City Council, and Supervisors of the Police Board are responsible for this policy and custom, which satisfies the "final policymaking authority" requirement. In this court's previous opinion, this count was dismissed because, while plaintiffs did plead a policy or practice on the part of the CPD, they failed to do so as to the City of Chicago. They now have pled facts that if true would sufficiently establish a policy or practice by the City. Therefore, the motion to dismiss on Count II is denied.

Count III

Count III of the second amended complaint seeks monetary damages from individual defendants Hillard, Griffin, Risely, Kehoe, E. Johnson and Robert Johnson based upon their unlawful detention of individuals arrested for misdemeanor offenses and qualifying for release on I-Bonds. Plaintiffs have brought these claims against these defendants in both their official and individual capacities.

Defendants move to dismiss the claims against the individual defendants in their official capacity because those claims are redundant. When an official is sued in his or her official capacity, it is the equivalent of suing the agency of which that official is an employee. Naming the individual officials as well as the government or agency is thus redundant. Nagle v. Chicago School Reform Bd., Trustees, No. 96 C 4150, 1999 WL 160234 at *12 (N.D. Ill. March 10, 1999); Smith v. Metropolitan School Dist. Perry Township, 128 F.3d 1014, 1021, n.3 (7th Cir. 1997); McLin v. Chicago, 742 F. Supp. 994 (N.D. Ill. 1990). Therefore, the case should be dismissed as to the individuals performing in their official capacity.

Defendants move to dismiss claims against defendants in their individual capacities arguing that they are protected under qualified immunity, and that plaintiffs have not sufficiently alleged each defendant's personal involvement. When a defendant asserts the defense of qualified immunity, the plaintiff then has the burden of proving otherwise. Erwin v. Daley, 92 F.3d 521, 525 (7th Cir. 1996). To do so, plaintiffs must prove: (1) that there was a violation of a constitutional right; and (2) that those constitutional standards were clearly established at the time of the offense. Id. As discussed above, plaintiffs have sufficiently alleged a violation of their Fourth Amendment constitutional rights.

To demonstrate that the constitutional right was clearly established, plaintiffs may rely on a closely analogous case that had been decided before the conduct in question, or a showing that the violation is so obvious that the individuals must have known of it. Id. Again, as discussed above, before the detentions in question occurred, Lampe v. Ascher had settled that a police officer has no discretion in accepting a bond once it has been set by a judge or a Supreme Court rule. Lampe, 376 N.E.2d at 77. With this in mind, the fact that an officer may not unreasonably

detain an individual is so obvious that the individuals must have known of its existence. As discussed above, no law gives an officer the right to detain an individual for an unreasonable period of time after the administrative procedures are complete and they are eligible for release. See Gerstein v. Pugh, 95 S. Ct. 854, 863 (1975) (allowing only a brief period of detention in order to complete necessary administrative procedures). Once the "brief" period for administrative procedures is complete, the detainee must then be brought before a magistrate for a probable cause determination, or must be released. Gramenos v. Jewel Tea Co., 797 F.2d 432, 437 (7th Cir. 1986). Therefore, because it is clearly established in Illinois that a police officer must release an eligible individual on I-Bond, and then so clearly established that an officer may not unreasonably detain an individual, defendant's motion to dismiss Count III based on qualified immunity is denied.

Next, defendants move to dismiss Count III based on plaintiffs' failure to allege sufficient personal involvement on the part of the individually named defendants. For a § 1983 claim, personal liability must be established on the part of each individual defendant. The doctrine of respondeat superior does not apply as it relates to these types of claims. Gossmeyer v. McDonald, 128 F.3d 481, 495 (7th Cir. 1997). A court will find liability, however, if "the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." Id.; Baskin v. City of Des Plaines, 138 F.3d 701, 705 (7th Cir. 1998). The individual's "direct participation" is not required. Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982). Rather, the requirement of personal involvement will be satisfied if the plaintiffs show "a deliberate or reckless disregard" of plaintiffs' rights. Id. Assuming all plaintiffs' well-pled allegations to be true, plaintiffs have alleged that the individual defendants knew of the policy

and practice of unlawfully detaining misdemeanor offenders, and never acted to change that. Plaintiffs allege that the individual supervisors were made aware through the review of reports, lock-up inspections and through the eventual approval of the releases on I-Bonds. Plaintiffs are not merely alleging that these defendants were negligent in not observing and then stopping the practice; they are asserting that the individual defendants were reckless -- they knew of the policy and did nothing to stop it. Therefore, assuming all of plaintiffs allegations to be true, plaintiffs have sufficiently alleged these defendants' personal involvement. Defendants' motion to dismiss all claims against them in their individual capacities are denied.

## CONCLUSION

For the foregoing reasons, the court: dismisses Count I, denies defendants' motion to dismiss Count II, dismisses Count III as it relates to the defendants in their official capacities, but denies defendants' motion to dismiss Count III against the individual defendants in their individual capacities. This matter is set for a report on status March 18, 2003, at 9:00 a.m.

**ENTER: March 5, 2003**

**Robert W. Gettleman**
**United States District Judge**

11