## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3139 | **DATE** | September 5, 2003 |
| **CASE TITLE** | Ronald Portis, et al  v  City of Chicago, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]

Memorandum opinion and order entered. Accordingly, the court grants plaintiffs' motion for class certification.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | SEP 0 8 2003 | 64 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| GDS | courtroom deputy's initials | | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONALD PORTIS, MADRIC LANCE, and )
EMMETT LYNCH, individually and on behalf )
of a class, )
)
          Plaintiffs, )
)    No.    02 C 3139
    v. )
)    Judge Robert W. Gettleman
CITY OF CHICAGO, a municipal corporation; )
SUPERINTENDENT TERRY G. HILLARD; )
COMMANDER JOHN RISLEY; FRANCIS )
KEHOE; COMMANDER EVERT L. JOHNSON; )
and CAPTAIN ROBERT JOHNSON; )
)
          Defendants. )

DOCKETED
SEP 08 2003

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Ronald Portis, Madric Lance, and Emmett Lynch, individually and on behalf of all others similarly situated, have brought a three count putative class action complaint against the City of Chicago, Terry G. Hillard ("Hillard"), Joseph Griffin ("Griffin"), John Risely ("Risely"), Francis Kehoe ("Kehoe"), Evert L. Johnson ("E. Johnson") and Robert Johnson ("R. Johnson"), pursuant to 42 U.S.C. § 1983, alleging that they were unlawfully detained for prolonged periods of time after completion of all administrative steps incident to their arrests for non-custodial ordinance violations ("non-custodial violations"). Plaintiffs seek a "presumptive temporal rule for the timely release" of such individuals who were held more than two hours beyond the time they were eligible for release.

Plaintiffs have moved pursuant to Fed. R. Civ. P. 23 for certification of a class defined as:

> All persons who, during the class period, have been arrested on
> ordinance violations which carry no jail time in the City of Chicago

and who were detained in a cell for more than two hours after all administrative steps incident to the arrests were completed.

Defendants oppose, arguing that, (1) plaintiffs cannot satisfy the commonality and typicality requirements of Fed.R.Civ.P. 23(a), and (2) the class is not maintainable under Fed. R. Civ. P 23(b)(3). For the reasons set forth below, plaintiff's motion is granted.

## FACTS

According to plaintiffs, each was arrested on separate occasions for a non-violent, non-custodial, fine-only misdemeanor offense which, under Illinois Supreme Court rules, entitled them to release from custody by the police upon the giving of an individual reconnaissance bond ("I-Bond"). Ill. Sup. Ct. R. 553(d). The offenses included disorderly conduct, peddling without a license, ticket scalping, and soliciting donations. Plaintiffs were each arrested and brought to the police station to complete the arrest process. After plaintiffs were processed at the police station, they were detained between five and one half and fifteen hours before they were released on an I-Bond. Plaintiffs allege that the time they were held after the administrative steps for their arrests were completed was excessive because all that was required for their release on the I-Bond was the watch commander's non-discretionary, ministerial completion of a form. In a previous opinion in this case, this court, in denying defendants' motion to dismiss, held that plaintiffs "have sufficiently alleged that the length of detention is unreasonable under the circumstances." Simack v. City of Chicago, 2003 WL 924335 at *3 (N.D. Ill. 2003).

## DISCUSSION

Fed. R. Civ. P. 23, which governs class actions, requires a two step analysis to determine whether class certification is appropriate. First, plaintiffs must satisfy all four requirements of

2

Fed. R. Civ. P. 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Harriston v. Chicago Tribune Co., 992 F.2d 697, 703 (7th Cir. 1993). These elements are a prerequisite to certification, and failure to meet one of the elements precludes certification of the class. Joncek v. Local 714 Inter'l. of Teamsters Health and Welfare Fund, 1999 WL 755051 at *2 (N.D. Ill. Sept. 3, 1999). Additionally, plaintiffs must satisfy one of the conditions of Fed. R. Civ. P. 23(b). Roe v. Publishers Clearing House, Inc., 1999 WL 966977 at *1 (N.D. Ill. Oct. 4, 1999). Plaintiffs argue that the proposed class meets the requirements of Rule 23(b)(3).

Defendants do not dispute that plaintiffs have met the requirements of numerosity and adequacy of representation under Fed. R. Civ. P. 23(a). Defendants contend, however, that plaintiffs cannot demonstrate commonality and typicality, and cannot satisfy the requirements of Fed. R. Civ. P. 23(b)(3).

## I. Rule 23(a): Commonality and Typicality

Commonality generally requires the presence of a question of law or fact common to the class. Absolute commonality is not required, however; it is generally sufficient to have a common nucleus of operative fact. Kort v. Diversified Collections Services, Inc., 2001 WL 1617213 at *2 (N.D. Ill. Dec. 17, 2001). Typicality is satisfied if a plaintiff's claim arises from the same event, practice, or course of conduct that gives rise to the claims of the other class members, and the claims are based on the same legal theory. Id. Commonality and typicality are closely related, and finding one often results in finding the other. Id.

Plaintiffs argue that there are several questions of fact and law common to the class. These questions include: (1) whether the City of Chicago has a policy and practice of unlawfully

3

detaining ordinance arrestees after all procedures incident to the administrative processing of their arrests have been completed; (2) whether the detention of a person, arrested for an ordinance violation for a period of time in excess of two hours after all procedures incident to the administrative processing of the arrest have been completed violates that person's Fourth and Fourteenth Amendment rights; (3) whether a person arrested for an ordinance violation is entitled to be immediately released on an I-Bond, when there are no pending arrest warrants against that person and he or she is unable to pay the set amount of cash bond; (4) whether after standard administrative procedures are completed for a person arrested for an ordinance violation, police officers have a mandatory duty to release on I-Bond those individuals who are eligible and are not waiting for probable cause determinations; (5) whether defendants Hillard, Griffin, Risley, Kehoe, E. Johnson, and R. Johnson's failure to release the individual plaintiffs and/or adopt proper procedures and policies for releasing on I-Bonds individuals arrested on minor ordinance violations after all administrative steps have been completed constitutes an utter indifference or conscious disregard for the rights of citizens not to be subject to unreasonable and excessive detention; and (6) whether defendants Hillard, Griffin, Risley, Kehoe, E. Johnson, and R. Johnson have personal knowledge of the widespread and systematic delays in releasing plaintiffs and other similarly situated persons on I-Bonds for ordinance offenses and whether they have approved these delays.

Defendants do not argue that the questions set forth by plaintiffs are not common to the proposed class, but instead meekly argue that "no common core of operative fact is at work here" because the large number of police officers and police districts in the City of Chicago demonstrates the reason for the differences in the amounts of time taken to effect the required

4

release of persons arrested for non-custodial violations. Defendants concede, however, that commonality exists whenever there has been "standardized conduct by defendants toward members of the putative class," Allen v. City of Chicago, 828F. Supp. 543, 557 (N.D. Ill. 1993). Plaintiffs allegation of a policy or standard course of conduct of delaying release after all administrative procedures have been completed, defeats defendants' suggestion that certain districts are too busy to effect the required release in a timely manner. Because the named plaintiffs' claim arises from the same practice or course of conduct that give rise to the claims of the putative class members, and have the same essential characteristics as the claims of the class at large, the court concludes that plaintiffs have demonstrated both commonality and typicality under Rule 23(a).

**Rule 23(b)(3)**

The crux of defendants' objection to class certification is their attack on plaintiffs' ability to demonstrate the requirements of Rule 23(b)(3). Certification under this rule requires that: "1) common questions must predominate over any questions affecting only individual members; and 2) class resolution must be superior to other methods for the fair and effective adjudication of the controversy." Joncek, 1999 WL 755051 at *7.

Common questions do not predominate over individual issues, according to defendants, because determination of excessive delay is based on a reasonableness standard that must be decided on a case by case basis. In support of this argument, defendants rely on County of Riverside v. McLaughlin, 500 U.S. 44 (1991), itself a class action, in which the plaintiffs, persons subject to a warrantless arrest, alleged that the defendants failed to provide a prompt determination of probable cause which Gerstein v. Pugh, 420 U.S. 103 (1975), requires prior to

5

extended pretrial detention following warrantless arrest. <u>McLaughlin</u> held that "judicial determination of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirements of <u>Gerstein</u>. <u>Id.</u> att 56. The court noted, however, that 48 hours could be too long if the delay was unreasonable. Examples of unreasonable delay given by the Court included " delays for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake." <u>Id.</u>

The Court's last statement, according to defendants, demonstrates that any question of excessive delay must be decided on a case by case basis under a reasonableness standard which precludes class certification under Rule 23(b)(3). Defendants' reliance on <u>McLaughlin</u> is misplaced, however, demonstrating either an error in comprehending or unwillingness to accept the exact nature of plaintiffs' claims. <u>Mclaughlin</u> involved a challenge to an alleged unconstitutional delay by the defendants to provide the prompt judicial determination of probable cause required by <u>Gerstein</u>. The instant case, however, involves the next step. Because under Illinois law no probable cause hearing is necessary for non-custodial violations and defendants are required to release plaintiffs, the case is more akin to a claim of excessive delay after a judicial determination of no probable cause to detain, or after bail has been set, met, and all administrative steps necessary for release have been completed. Thus, none of the justifications for delay identified in <u>McLaughlin</u>, such as transporting a person from one facility to another, availability of a magistrate for late night arrests, and obtaining the presence of the arresting officer, are extant under the facts alleged. Therefore, the individualized examination required by <u>McLaughlin</u> for determining the reasonableness of detention prior to probable cause hearings is not required in the instant case.

Defendants further argue that the issue of damages must be based on individual injuries, and that determination of these injuries requires individual complaints. "A class action, [however,] will not be defeated solely because of some factual variations among class members' grievances." Heastie v. Community Bank of Greater Peoria, 125 F.R.D. 669, 675 (N.D. Ill. 1989) (citing Patterson v. General Motors Corp., 631 F.2d 476, 481 (7th Cir. 1980). Moreover, "the possibility of individualized damage inquiries does not defeat class certification even if individual hearings ultimately may be required." Williams v. Rizza Chevrolet-Geo, Inc., 2000 WL 263731 at *3 (N.D. Ill. Mar. 6, 2000).

In Dellums v. Powell, 566 F.2d 167, 173 (D.C. Cir. 1977), the plaintiffs were arrested for protesting on the steps of the United States Capitol. The plaintiffs alleged that they "were held from several hours to several days without being afforded due process of law," in conditions that were "inhumane in that there was severe overcrowding, inadequate sanitation, inadequate or filthy bedding, insufficient food, and no medical care." Id. at 174. The trial court certified as a class "all persons who were arrested while assembled on the Capitol steps on May 5, 1971." Id. The court divided the plaintiffs into sub-classes based on the amount of time each person was detained and awarded damages by sub-class. Id.

As in Dellums, the instant case can be divided into sub-classes based on length of detention if plaintiffs succeed in establishing the class's right to damages. Because the members of the proposed class in the instant case have a common issue of law and fact that predominates over any individual issues, and because the issue of individual damages can be dealt with if necessary, the first requirement under Rule 23(b)(3) is satisfied.

The second requirement under Rule 23(b)(3) is that "class resolution must be superior to other available methods for the fair and efficient adjudication of the controversy." Defendants argue that a class is not the superior way to adjudicate the instant case because it will cause many mini-trials when trying to establish each individual class member's right to recover. As discussed above, individual damages will not prevent class certification, and the class can be divided into sub-classes if necessary.

In addition requiring each class member to bring a separate action would be a waste of money and judicial resources. See Markham v. White, 171 F.R.D. 217, 224 (N.D. Ill. 1997). Finally, a class action is a superior method to resolve the instant case because individual class members would be unlikely to bring individual cases because of lack of resources, leaving the instant case as their only opportunity for relief. See Johnson v. Midland Career Institute, Inc., 1993 WL 420954, at *7 (N.D. Ill. 1993).

## CONCLUSION

For the reasons stated above, the court grants plaintiffs' motion for class certification and certifies a class defined as: All persons who, during the class period, were arrested on ordinance violations which carry no jail time in the City of Chicago and who were detained for more than two hours after all administrative steps incident to the arrests, except non-discretionary ministerial acts, were completed. Counsel are directed to address the issue of class notice at a status hearing set for September 16, 2003, at 9:00 a.m.

**ENTER:** September 5, 2003

Robert W. Gettleman
United States District Judge

8