# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | **02 C 3139** | **DATE** | June 9, 2004 |
| **CASE TITLE** | Ronald Portis v City of Chicago, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Hearing

(5) ☐ Status hearing

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]

Memorandum opinion and order entered.
Accordingly, defendants' motion to decertify the class is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | number of notices | | |
| X | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | JUN 1 0 2004 | | |
| | Docketing to mail notices. | date docketed | | 104 |
| | Mail AO 450 form. | GNA | | |
| | Copy to judge/magistrate judge. | docketing deputy initials | | |
| GS | courtroom deputy's initials | date mailed notice | | |
| | | mailing deputy initials | | |

U.S. DISTRICT COURT
CLERK

2004 JUN -9 AM 11: 1 7

Date/time received in central Clerk's Office

**DOCKETED**

**JUN 10 2004**

RONALD PORTIS, MARDRIC E. LANCE, and )
EMMETT LYNCH, individually and on behalf of )
a class, )
)
Plaintiffs, )
)
  v. )
)
CITY OF CHICAGO, a municipal corporation, )
SUPERINTENDENT TERRY G. HILLARD, )
COMMANDER JOSEPH GRIFFIN, )
COMMANDER JOHN RISLEY, COMMANDER )
FRANCIS KEHOE, COMMANDER EVERT L. )
JOHNSON, and CAPTAIN ROBERT JOHNSON, )
)
  Defendants. )

No.  02 C 3139

Judge Robert W. Gettleman

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Ronald Portis, Mardric E. Lance and Emmett Lynch have brought a class

action suit against Defendants City of Chicago, Terry Hillard, Joseph Griffin, John Risley,

Francis Kehoe, Evert L. Johnson and Robert Johnson, alleging that plaintiffs were unlawfully

detained for prolonged periods of time after completion of all administrative steps incident to

their arrests for non-custodial ordinance violations. After denying defendants' motion to dismiss,

see Simack v. City of Chicago, 2003 WL 1924335 (N.D. Ill. 2003), the court certified a class

defined as "all persons who, during the class period, were arrested on ordinance violations which

carry no jail time in the City of Chicago and who were detained for more than two hours after all

administrative steps incident to the arrest, except non-discretionary ministerial acts, were

completed." Portis v. City of Chicago, 2003 WL 22078279 (N.D. Ill. 2003).  The court then

104

denied defendants' motions for summary judgment, which were essentially motions to reconsider the denial of the motion to dismiss.

Defendants have now moved to decertify the class pursuant to Fed. R. Civ. P. 23(b). This is defendants' fourth attempt to argue that the Supreme Court's opinion in County of Riverside v. McLaughlin, 500 U.S. 44 (1991), dispels any claim in the instant case, or at least any class wide claim. Defendants argue that the Seventh Circuit's opinion in Chortek v. City of Milwaukee, 356 F.3d 740 (7th Cir. 2004), establishes that the holding in County of Riverside that a determination of probable cause within forty-eight hours is presumptively reasonable applies to the instant case. Defendants are simply wrong.

In Chortek, like the instant case, the fifteen plaintiffs were arrested for non-custodial ordinance violations. Unlike the instant case, they were all arrested at the same time and place. They were taken to a prisoner processing station where they were subjected to the standard processing routine, which involved a series of procedures related to booking, searches, paperwork and release. It was undisputed that extensive paperwork was involved that "easily" required six to eight hours to complete. Id. at 744. Six of the plaintiffs were detained over eight hours, twelve over six hours, and all but one over four hours. In reviewing the plaintiffs' claims for unreasonable detention, the court noted that "County of Riverside is generally invoked to evaluate cases involving extended detention because the forty-eight hour framework governs the length of time which may elapse before a probable cause hearing." Such a hearing, of course, is required because a finding of probable cause is needed before any extended restraint of liberty following arrest. Id. at 746. The Chortek court recognized, however, that in the case before it, like the instant case, "neither extended detention of the plaintiffs nor probable cause hearings

were contemplated. Rather, police held the plaintiffs only while they completed their processing." Id. Thus, the Chortek court found County of Riverside relevant to its discussion only because in that case the Court noted that even unreasonable delays within a presumptively reasonable period may be constitutionally troublesome if the delay was occasioned by an improper purpose, such as gathering additional evidence to justify an arrest, or a delay motivated by ill will or for delay's sake. Id.

The Chortek court then reaffirmed its earlier opinions in Moore v. Marketplace Restaurant, Inc., 754 F.2nd 1336 (7th Cir. 1985), and Gramenos v. Jewel Companies, Inc., 797 F.2nd 432 (7th Cir. 1986), which suggested that a delay of over four hours after a warrantless arrest for a minor non-custodial offense would be presumptively unreasonable, calling for a explanation by the defendant. In Chortek, a satisfactory explanation was given, the facts of which were uncontested by the plaintiffs. Thus, summary judgment for the defendants was appropriate. Id. at 747-48.

In the instant case, plaintiffs do not challenge the delay caused by the completion of the administrative steps required as incident to the arrest, although in each case the delay was well beyond the four hours which caused such concern for the Seventh Circuit in Moore and Gramenos. Instead, plaintiffs challenge the time period between the time all those steps were completed and the time of the actual release -- the proverbial "turning of the key." At that time, the only procedures left to perform are the ministerial, non-discretionary approval of the charges (that had already been approved by the watch commander) and the preparation of an I-bond. These steps, according to plaintiffs, can be accomplished well within two hours.

3

Defendants' argument that "release" is an administrative step incident to the arrest, and that under County of Riverside they had up to forty-eight hours to affect the release, is without merit. In essence, under defendants' theory, they could complete every step that needs to be done to determine that an arrestee is entitled to be released within the first hour of detention, and then wait until the forty-eighth hour to "turn the key." Even if the forty-eight hour period allowed by County of Riverside applied (which it does not), it could not support such an absurd theory.

Finally, defendants argue that class treatment is inappropriate because under any theory they are entitled to challenge the unreasonableness of the alleged delay by presenting evidence of explanation. Plaintiffs, however, allege a city wide-policy of delay after all administrative steps except release have been completed. Nothing about defendants' defense precludes class certification. Indeed, as noted in this court's opinion certifying the class, County of Riverside was a class action. Portis, 2003 WL 22078279 at *3. Individual affirmative defenses do not preclude class treatment. See, e.g., Avid Blihovde v. St. Croix County, 219 F.R.D. 607, 621-22 (WD Wisc. 2003).[1]

Accordingly, for the reasons set forth above, defendants' motion to decertify the class is denied.

ENTER:     June 10, 2004

Robert W. Gettleman
United States District Judge

---

[1] The court takes the opportunity to note, as it did when defendants presented the instant motion, that defense counsel appears to be needlessly protracting this litigation by filing repetitive motions that are essentially motions to reconsider previous rulings by the court, and which ignore plaintiffs' theory of the case on which those rulings were based. As noted in its September 8, 2003, opinion, defendants continue to demonstrate "either an error in comprehending or unwillingness to accept the exact nature of plaintiff's claims." Portis at *3. The court will not tolerate such tactics in the future, and defense counsel is admonished to be mindful of 28 U.S.C. § 1927.

4