Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 3139 | DATE | Nov. 24, 2004 |
| CASE TITLE | Ronald Portis, et al v City of Chicago, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ☒ [Other docket entry] Memorandum opinion and order entered. Accordingly, plaintiffs' motion for reconsideration is denied.

(11) ☒ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required | | number of notices | |
| X | Notices mailed by judge's staff. | | NOV 3 0 2004 | |
| | Notified counsel by telephone. | | date docketed | 173 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| GS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONALD PORTIS, MADRIC LANCE, and )
EMMETT LYNCH, individually and on behalf of )
a class, )
)
      Plaintiffs )
) No. 02 C 3139
v. )
) Judge Robert W. Gettleman
CITY OF CHICAGO, a municipal corporation; and )
TERRY G. HILLARD, Superintendent of the )
Chicago Police Department, )
)
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Ronald Portis, Mardric E. Lance, and Emmett Lynch brought a class action against Defendants City of Chicago, Terry Hillard, Joseph Griffin, John Risley, Francis Kehoe, Evert L. Johnson and Robert Johnson, pursuant to 42 U.S.C. § 1983, alleging that plaintiffs were unlawfully detained for prolonged periods of time after completion of all administrative steps incident to their arrests for non-custodial ordinance violations. The court granted defendant's motion to dismiss Count I of plaintiffs' second amended complaint for lack of standing to pursue injunctive relief, and denied defendants' motion to dismiss the remaining claims seeking monetary damages. See Simack v. City of Chicago, 2003 WL 1924335 (N.D. Ill. 2003). Several months later, on September 5, 2003, the court granted plaintiffs' motion for class certification, defining the class as "all persons who, during the class period, were arrested on ordinance violations that carry no jail time in the City of Chicago and who were detained for more than two hours after all administrative steps incident to the arrest, except non-discretionary ministerial acts, were completed." Portis v. City of Chicago, 2003 WL 22078279 (N.D. Ill. 2003). The Court

173

subsequently denied defendants' motions for summary judgment and motion to decertify the class pursuant to Fed. R. Civ. P. 23(b).

Now, more than a year later, plaintiffs request reconsideration of the court's March 5, 2003, dismissal of their claim for injunctive relief for two reasons: (1) because the court certified the class on September 8, 2003, the named plaintiffs now have standing to request injunctive relief on behalf of absent class members facing a "real and immediate danger" of detention by defendants in violation of their constitutional rights; and (2) recent discovery confirms a widespread pattern and practice of unconstitutional detentions affecting the members of the class, who face a "real and immediate danger" of unconstitutional detention.

In opposing plaintiff's motion to reconsider, defendants raise several contentions, most notably that: (1) the evidence that plaintiffs obtained through discovery does not constitute "changed facts" deserving of reconsideration; (2) class certification does not change the reality that plaintiffs' injunctive relief request was moot on the day the case was filed; and (3) certification of a damages class does not change the fact that plaintiffs lacked standing to seek injunctive relief at the outset of the litigation.

For the reasons set forth below plaintiffs' motion to reconsider dismissal of their claim for injunctive relief is denied.

## DISCUSSION

Article III of the Constitution requires the existence of an actual case or controversy, not only upon initiation of the action, but at every phase of the proceedings. Jones v. Sullivan, 938 F.2d 801, 805 (7th Cir. 1991) (citing Foster v. Center Township of LaPorte County, 798 F.2d 237, 245 (7th Cir. 1986)). To meet this requirement a plaintiff requesting prospective equitable relief

must hold a "personal stake" in the outcome by showing a "significant likelihood and immediacy of sustaining some injury." Sierakowski v. Ryan, 223 F.3d 440, 443-44 (7th Cir. 2000) (see also City of Los Angeles v. Lyons, 461 U.S. 95, 101 (1983)). Also, without any continuing, present adverse effects, past exposure to illegal conduct alone does not present a case or controversy for purposes of injunctive relief. O'Shea v. Littleton, 414 U.S. 488, 495 (1974). A plaintiff must show that his or her interest in remedying the alleged illegality is stronger than the general public's interest in seeing that "government officials comply with [their constitutional] obligations." Boston v. Chicago, 1998 WL 31532 (N. D. Ill. 1988) (citing Foster, 798 F.2d at 243). In class actions, if none of the named plaintiffs representing a class meets the standing requirements, none of the plaintiffs may seek relief on behalf of himself or herself, or any other member of the class. O'Shea, 414 U.S. at 494 (citing Bailey v. Patterson 369 U.S. 31, 32-33 (1962)).

Upon initiating the present action, plaintiffs could not demonstrate a "live" claim for injunctive relief because all of the named plaintiffs had been released from incarceration and were no longer subject to the challenged practice. Further, as the court articulated in dismissing Count I of the second amended complaint seeking injunctive relief, plaintiffs could not demonstrate a sufficient likelihood of future injury to establish standing upon filing the complaint. Simack, 2003 WL at *10-11. The argument that they would again fall victim to wrongful incarceration by the City of Chicago for some misdemeanor in the future amounted to speculation. Id. at *10. A plaintiff must show that he or she is in "immediate danger" of again being harmed by the defendants. Todd v. County of Cook, 1986 U.S. Dist LEXIS 26053, *5 (N.D. Ill. 1986).

Plaintiffs now ask the court to reconsider its finding that plaintiffs have no standing to pursue injunctive relief in light of the court's subsequent certification of a damages class. They allege that circumstances have changed because plaintiffs can now represent the interests of the other class members on a claim in which they would otherwise lack the requisite personal stake. In essence, this would allow them to accomplish indirectly what they could not accomplish directly.

The court declined to certify a Rule 23(b)(2) injunctive relief class because plaintiffs had no standing entitling them to represent such a class upon commencement of this litigation. Further, the Supreme Court recognizes that "a plaintiff must demonstrate standing separately for each form of relief sought." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC) Inc., 528 U.S. 167, 185 (2000). Even if the court were to disregard this defect, plaintiffs cannot now acquire standing to seek injunctive relief through subsequent class certification if they did not have such standing upon filing suit. Because a class does not become a separate entity until it is certified, a class will not be certified unless the named plaintiff has standing at that time. Robinson v. City of Chicago, 868 F.2d 959, 968 (7th Cir. 1989) (citing O'Shea, 414 U.S. at 494)). Thus, subsequent certification of a class that <u>does</u> include members with live claims cannot confer standing to seek injunctive relief on the named representative(s) who lacked standing at the outset of the litigation. The Supreme Court has recognized, however, that "if a named class representative has standing at the time a suit is initiated, class actions may proceed in some instances following mootness of the named class representative's claim." Gratz v. Bollinger, 539 U.S. 244, 286 n.5 (2003) (citing Sosna v. Iowa, 419 U.S. 393, 402 (1975), and distinguishing

between that case and the facts before it where the class representatives lacked standing to pursue injunctive relief upon initiating the litigation).[1]

Plaintiffs cite Gerstein v. Pugh, 420 U.S. 103 (1975), to support their position that, regardless of the mootness of their own claims upon filing the complaint, certification of a class of persons similarly situated who would be detained under the allegedly unconstitutional procedures meets the requirements of standing for injunctive relief. Gerstein, however, merely allowed for an exception to the rule that mootness of a representative's claim moots the claims of the class. Gerstein, 420 U.S. at 111. Although it lends support for a more flexible standing analysis in class action suits, especially where the named plaintiff's claim expires prior to certification, Gerstein never went so far as to allow class certification to revive a case that was "dead on arrival." See Holmes v. Fisher, 854 F.2d 229 (7th Cir. 1988). Additionally, Gerstein is distinguishable from the instant case because the Court's analysis assumed that the plaintiff's own claim was live when the suit commenced. Holmes v. Fisher, 854 F.2d 229, 232 (7th Cir. 1988).

Plaintiffs also cite United States Parole Com'n v. Geraghty, 445 U.S. 388 (1980), in which a prisoner brought a proposed class action and, when the district court denied certification, appealed the denial as a class representative. The defendants sought to dismiss the appeal as moot upon the prisoner's release from prison, but the court held that, despite the expiration of the named representative's claim, the class's claim remained live. Geraghty, however, did not hold

---

[1] Plaintiffs claim that discovery has revealed that, "on May 2, 2002, the day this lawsuit was filed, approximately 26 class members were in detention." Significantly, plaintiffs have not identified any such class member to this court or sought to have him or her intervene as a named plaintiff who might have had standing to seek injunctive relief at the time this suit was filed.

5

that that the district court can certify a class represented by the holder of an expired claim. Rather, it held that a case that is live when filed maintains sufficient vitality to allow a district court to decide whether there is a proper class and, if there is, to decide the case on behalf of the members of the class with live claims. Holmes, 854 F.2d at 232. The Geraghty plaintiffs subsequently lost their personal stake in the outcome of the injunctive case after initiating the litigation, while the named plaintiffs in the instant case never held a personal stake in this litigation.

Plaintiffs do cite one case, Lewis v. Tully, 99 F.R.D. 632 (N.D. Ill. 1983), which seems directly on point and supportive of plaintiff's arguments. In Lewis the issue was whether the absence of the representative plaintiff's "live" claim upon filing the complaint defeated standing even where the class as a whole held a "live" claim. The Lewis court found the Lyons test applicable to the class as whole rather than to the named plaintiff. Accordingly, it held that the named plaintiff demonstrated a sufficient personal stake in the litigation where he or she had been subjected to the allegedly illegal conduct in the past, even though he or she personally was no longer subjected to the challenged conduct and could not claim a real and immediate threat of injury in the future. In so holding, the Lewis court, like the plaintiffs in the instant case, cited Gerstein for the proposition that a class representative's lack of an actual personal stake in prospective relief did not prove fatal under Article III. Numerous subsequent cases, however, have either disregarded Lewis and its broad interpretation of Gerstein, or have criticized it for giving "short thrift" to the standing requirements established in Lyons." See Williams v. City of Chicago, 609 F. Supp. 1017, 1019 (N.D. Ill. 1985); Todd v. County of Cook, 1986 WL 5667, *2-

3 (N.D. Ill.); See generally, Robinson v. City of Chicago, 868 F.2d 959 (7th Cir. 1989); Holmes v. Fisher, 854 F.2d 229 (7th Cir. 1988); Walters v. Edgar, 163 F.3d 430 (7th Cir. 1998).

This Court finds Robinson and Holmes indicative of the Seventh Circuit's position on class action standing after Lyons. In Robinson, the City of Chicago appealed judgments declaring unconstitutional its policy allowing investigative detentions of misdemeanor arrestees. Citing Lyons, the court reversed the judgments against the city, concluding that the plaintiffs did not have standing to sue at the outset of the litigation. The court held that this case did not fall within the "capable of repetition, yet evading review" doctrine, applicable when a claim is so transitory that a plaintiff might have standing when the complaint is filed but loses his personal stake as the litigation progresses. The court further emphasized that this doctrine applies only when the repetition is likely to involve the same parties to the dispute. Robinson, 868 F.2d at 967 (citing Holmes, 854 F.2d at 232).

The Robinson plaintiffs, much like plaintiffs in the instant case, argued that the certainty of the constant existence of a class of persons suffering from the deprivation gives the class standing, because new class members with live claims for injunctive relief are constantly entering the category of those subject to defendants' alleged practice. The court responded that if this position were correct, the Lyons plaintiff need only plead his claim as a class action to acquire standing. Id. at 968. Instead, the court concluded that Lyons relied on O'Shea, where the Court held that because a class does not become a separate creature until certification, a class action will not be certified unless the named plaintiff has standing at the time of filing. Id. Accordingly, the Robinson court concluded that the plaintiff never had a stake in declaratory relief to lose, making the case "dead on arrival, moot the day the complaint was filed." The court thus

7

recognized the practical limitations of plaintiffs who find themselves with a very small window of time in which to file suit due to the brief time frame associated with the challenged governmental conduct. Id. The court explained, however, that any findings the court made in a claim for damages might have precluded the city from re-litigating the merits because a holding declaring the city's policy unconstitutional would serve as res judicata in any succeeding action. Id.

In Holmes, the plaintiff brought suit seeking injunctive relief because he was detained eight days before he was first taken to court for probable cause and bail hearings. The court rejected the plaintiff's argument that his claim fell within the "capable of repetition, yet evading review" category, responding that this doctrine applies only when the repetition will likely involve the same parties. The plaintiff did not argue that he was likely to be arrested and held for an extended period of time in the future, but contended that under Sosna v. Iowa, 419 U.S. 393 (1975), and Geraghty the mootness of a plaintiff's personal claim did not prevent him from serving as the representative of a class. Holmes, 854 F.2d at 232. The court noted that in Sosna, however, because class certification occurred before the representative's claim became moot, the certified class itself could step into the plaintiff's shoes to preserve class standing. Id. Before concluding, the court confirmed the rule that a case must be dismissed if the representative's claim became moot prior to certification. Id. In closing, the court declared that the case was "dead on arrival" and that Geraghty could not "breath new life into a stillborn case." Id. It emphasized that to allow certification of a class headed by a "representative" who had no live controversy with the defendant upon filing the suit "would be to jettison the last vestiges of the case-or-controversy requirement in class actions." Id. at *11.

Lastly, and interestingly, plaintiffs cite Payton v. County of Kane, 308 F.3d 673 (7th Cir. 2002), and Ortiz v. Fibreboard, 527 U.S. 815 (1999), to support their asserted standing to pursue class claims for injunctive relief. Although these cases do not change this court's analysis, they do warrant attention. In Payton, court allowed the named representatives to pursue class claims against 19 counties, even though the named individuals had claims against only two counties. The court applied the "juridical link" doctrine, noting that "if all the defendants took part in a similar scheme that was sustained either by a contract or conspiracy, or was mandated by a uniform state rule, it is appropriate to join as defendants even parties with whom the named class representatives did not have direct contact." Payton, 308 F.3d at 679. The "juridical link" doctrine is inapplicable to the instant case, however, because this is not a situation where the named representatives hold valid claims, but wish to pursue class claims against other defendants who did not injure plaintiffs because all defendants operated under a common statute. Unlike the instant case, Payton was not initiated by plaintiffs holding no personal stake in the outcome of the litigation.

However, in applying the juridical link doctrine, the Payton court found it proper to address the class action issues before addressing the named plaintiffs' lack of standing to pursue claims against certain defendants. In doing so, the court cited Ortiz for the rule that a court should determine issues of class certification prior to conducting a standing inquiry when certification issues are "'logically antecedent' to Article III concerns and themselves pertain to statutory standing," Ortiz, 527 U.S. at 831. This represented an exception to the rule that standing represents a threshold inquiry requiring determination before the court addresses class certification issues. The Payton court interpreted this exception as resting on "the long-standing

9

rule that, once a class is properly certified, statutory and Article III standing requirements must be assessed with reference to the class as a whole, not simply with reference to the individual named plaintiffs." Payton, 308 F.3d at 680.

Although the Ortiz exception and its application in Payton seem to complicate questions of class action standing, their holdings cannot be applied to dispose of another long-standing rule - the rule that "standing cannot be acquired through the back door of a class action." Payton, 308 F.3d at 682 (quoting Allee v. Medrano, 416 U.S. 802, 828-29 (1974) (Burger, C. J., dissenting)). Neither of these cases stands for the proposition that the named plaintiffs can revive a dead claim for injunctive relief by "piggy-back[ing]" on the claims of the class they represent. Id.

## CONCLUSION

For the reasons stated herein, plaintiffs do not have standing to pursue injunctive relief and the court denies plaintiffs' motion for reconsideration.

**ENTER:** **November 24, 2004**

_____
**Robert W. Gettleman**
**United States District Judge**