**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RONALD PORTIS, MADRID E. LANCE, AND EMMETT LYNCH, individually and on behalf of a class, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF CHICAGO, <br><br> Defendant. | Case No. 02 C 3139 <br><br> Judge Gettleman <br><br> Magistrate Judge Nolan |

**CITY OF CHICAGO'S REPLY IN SUPPORT OF ITS
MOTION TO CERTIFY INTERLOCUTORY APPEAL PURSUANT TO
28 U.S.C. § 1292(b) AND FOR STAY PENDING REVIEW**

The City seeks § 1292(b) certification of this Court's September 9, 2008 Summary Judgment Order (the "SJ Order") for interlocutory appeal of the following contestable and controlling question of law, resolution of which would materially advance this litigation: Whether the Fourth Amendment mandates the release of a person lawfully arrested (without a warrant), for a municipal offense carrying a fine-only punishment, within two hours of getting a booking number at the police station. Because the SJ Order satisfies all four requirements for § 1292(b) certification, it is the "duty of the district court" under controlling Seventh Circuit authority to "allow an immediate appeal." *Ahrenholz v. Board of Trustees of the Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000). Plaintiffs' response fails to prove otherwise.

Plaintiffs' chief argument is that, because the Court "slogged through" the record presented in their summary judgment motion and in the City's opposition to it, the Court's SJ Order turned on individual fact determinations and does not present a question of law. Not so. As this Court knows well, the City has argued for years that the lawfulness of each arrest should

be determined on an individual basis. But plaintiffs argued that individualized inquiry is not needed and the Court agreed, ruling, as a matter of law, that *every* class member not released within two hours after eligibility existed for release on an I-Bond suffered a constitutional violation. (Dkt. No. 523 at 19 ("Plaintiffs have argued that two hours is excessive under the Fourth Amendment, and as a matter of law, the court agrees.").) The point of the appeal now is to determine whether this matter of law is correct, before a lengthy and laborious damages discovery phase and trial ensue. The City's motion should be granted.

## ARGUMENT

Plaintiffs do not contest (nor could they) that § 1292(b) certification is required where, as here, the moving party satisfies four statutory criteria: (1) there must be a question of law; (2) it must be controlling; (3) it must be contestable; and (4) its resolution must promise to speed up the litigation. *Ahrenholz*, 219 F.3d at 675; *see also Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1007-1008 (7th Cir. 2002) (holding that § 1292(b) certification is appropriate where there were "questions of first impression, the application of [the law] to the facts alleged . . . is certainly contestable, and the resolution of the[] issues will facilitate the conclusion of the litigation"). Plaintiffs' opposition is devoted almost entirely to the first and third of these elements — whether the SJ Order involves a "question of law" that is contestable. Indeed, plaintiffs do not seriously dispute the other two elements. (*See* Dkt. No. 536 at 9 (question is "not a '*controlling* question of law'" only because it is not a "question of law"); *id.* at 13.[1])

---

[1] Plaintiffs half-heartedly assert, as to element 4 (whether an appeal now is likely to speed up the litigation), that "even if the Seventh Circuit" decided against the two-hour rule established in the SJ Order, it would not speed up the litigation because it would necessarily "leave open the question of at what point in time, in excess of two hours, detention becomes unreasonable, and a remand to decide that question would be necessary." (Dkt. No. 536 at 13.) Nonsense. For example, as the City has suggested, the Seventh Circuit could establish that *McLaughlin* and its progeny control, such that the detentions at issue must be examined individually and are presumed lawful. Getting appellate clarity now on what is the

As to the first and third elements, plaintiffs spend most of their brief trying to recast the legal question the City seeks to certify as a factual determination, which plaintiffs then argue is not properly certifiable under § 1292(b). Plaintiffs did not argue their summary judgment motion this way; rather, they framed it as a broad question of law, a two-hour rule applicable to every class member. And the Court's ruling, far from being a fact-bound determination, was that "as a matter of law" plaintiffs were correct.

## I. THE SJ ORDER INDISPUTABLY INVOLVES A QUESTION OF LAW.

The parties agree that *Ahrenholz* is the controlling precedent on what constitutes a "question of law" for § 1292(b) purposes. In that case, the Seventh Circuit made clear that "question of law," within the meaning of § 1292(b), is simply "something the court of appeals could decide quickly and cleanly without having to study the record." 219 F.3d at 676. So, for example, while "whether the party opposing summary judgment had raised a genuine issue of material fact" does not constitute a "question of law" within the meaning of § 1292(b), a question that "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine" does, even if it arises in a summary judgment order. *Id.*; *see* WRIGHT & MILLER, 16 FED. PRAC. & PROC. JURIS. 2D § 3930 ("If summary judgment rulings depend more on questions of law than investigation of the record for genuine issues . . . interlocutory appeal may be appropriate—certainly there are examples enough."). That is why, not surprisingly, two district court judges in this Circuit have — citing *Ahrenholz* — granted § 1292(b) certification on summary judgment orders in Fourth Amendment cases where, as here, the orders focused not on whether there were genuine issues of fact precluding summary

---

(continued…)

standard makes eminently more sense than having costly damages proceedings under the standard in the SJ Order, when other potential standards could streamline those proceedings, or eliminate them entirely.

judgment, but on the legal application of the Fourth Amendment. (*See* Dkt. No. 535 at 4-5 (citing *Calvin v. Sheriff of Will County*, 2006 WL 1005141 (N.D. Ill. Apr. 14, 2006); *Estate of Escobedo v. City of Fort Wayne*, 2008 WL 4411485 (N.D. Ind. Sep. 25, 2008).)

This Court's SJ Order, and the question the City has identified, fit squarely within these precedents. The City is not asking to have the Seventh Circuit re-analyze whether any disputes of fact preclude summary judgment. Nor is the City asking for the Court of Appeals to hunt through the record; the question is purely a legal one. The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable . . . seizures, shall not be violated . . . ." For purposes of this interlocutory review only, the City accepts the district court's conclusion that no material facts are in dispute, and, thus, that persons lawfully arrested for municipal offenses carrying fine-only punishments and not fingerprinted after being taken into custody were not given a CB number until police personnel determined that they were eligible for release on an I-bond. (Dkt. No. 523 at 15-16 & n.11.) Thus, the only question at issue at this time is whether the Fourth Amendment's proscription against "unreasonable . . . seizures" mandated that such arrestees be released within two hours of getting a CB number. That is, indisputably, a question of law, which the Court needs nothing more from the district court docket than the Court's SJ opinion to answer.

Plaintiffs strain to prove the contrary, but the rhetoric of their attack cannot make up for the deficiencies in their argument. *First*, plaintiffs misstate the law of what constitutes a "controlling question." Filling their brief with out-of-circuit authority (*see* Dkt. No. 536 at 2, 9, 13 (citing cases from the Southern District of New York, the Eleventh Circuit, and even the Court of Federal Claims)), plaintiffs contend that certification cannot be permitted because this case involves a summary judgment order concerning the Fourth Amendment. They do not offer

a single case where, in a situation like this one, a district court in this Circuit failed to uphold its duty to grant § 1292(b) certification. And their only response to the City's on-point authorities, *Calvin* and *Estate of Escobedo v. City of Fort Wayne* — both of which granted § 1292(b) certification on summary judgment orders involving legal issues in Fourth Amendment cases — is a bald assertion that Judges Kendall and Springman wrongly decided them. (*Id.* at 8-9.)

*Second*, plaintiffs struggle mightily to recast the SJ Order, and the question the City has proposed, into a fact-based one. They miss the point. While plaintiffs spend pages of their opposition walking through in detail the facts this Court found to be undisputed in its SJ Order (Dkt. No. 536 at 3-5), that has nothing to do with the issue presently before the Court. At this juncture, those facts are taken as undisputed, and the City is not asking for appellate review of that determination now.

Nor, as plaintiffs incorrectly argue, did the Court make a specific determination of how the Fourth Amendment applies to the individual case of any particular warrantless arrestee. (*Id.* at 8.) And, thus, the City is not now seeking a review of any individual's circumstances. As plaintiffs well know, their motion for summary judgment did not ask for, and the Court did not provide, a determination that any particular arrestee had established liability because of the specific facts and circumstances of that arrestee's processing. Instead, plaintiffs brought a broad, systemic challenge to how the City deals with people through its I-Bond procedures in seeking a ruling on a classwide basis. For them to argue the contrary now is disingenuous.

As the Court is well aware, the Fourth Amendment requires that persons arrested without a warrant must typically be taken before a magistrate judge for a probable cause determination within 48 hours of arrest, or they must be let go. *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). That is, of course, not to say that arrests lasting less than that time are always

constitutional. But they are presumed to be so, and a contrary finding requires an individual analysis of the facts and circumstances of the arrest. *Id.* at 44, 56-57 (holding that a "jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of Gerstein" and precluding "systemic challenges" where the system releases in under 48 hours); *Kyle v. Patterson* 957 F. Supp. 1031, 1034 (N.D. Ill. 1997) (Gettleman, J.) ("In [*McLaughlin*], the Supreme Court held that a detention of less than 48 hours is presumed constitutionally acceptable unless the detainee can show that his presentment before a judge was unreasonably delayed.").

In this City, there is an alternate procedure for persons determined to be eligible for release: Such persons may be released on an I-Bond, without a probable cause hearing. (*See* Dkt. No. 41 at 3-5; ILL. SUP. CT. R. 553(d).) The plaintiffs asserted that, for persons able to take advantage of this procedure, the Fourth Amendment works differently than for all other arrestees. For these cases where no probable cause determination is envisioned, they argued, the Fourth Amendment requires not release within 48 hours of arrest, but release within 2 hours of a final determination of eligibility for this alternate procedure. (*See* Dkt. No. 416-3, 468, 479, 499-2). The City disagreed. (*See, e.g.*, Dkt. Nos. 435 and 490); *see also Lewis v. O'Grady*, 853 F.2d 1366, 1370 (7th Cir. 1988) ("Both *Moore* and *Gramenos* . . . address the reasonableness of the delay between an arrest and *either* a release *or* an appearance before a magistrate.") (emphases added).

In its SJ Order, this Court sided with the plaintiffs, holding "as a matter of law" that the Fourth Amendment does require this two-hour rule for all persons eligible for release on an I-Bond. (*See* Dkt. No. 523 at 19 ("Plaintiffs have argued that two hours [after an eligibility determination] is excessive under the Fourth Amendment, and *as a matter of law*, the court

agrees.") (emphasis added).) Thus, the Court itself recognized that the question it was deciding, and on which the City seeks leave to have the Seventh Circuit review, is a "question of law." This question is not one of facts, but of what rule (a categorical two-hour rule, an individualized analysis, or something else) the Fourth Amendment requires courts to apply in these types of cases. It turns not on any individual factual disputes, but solely on the meaning of the Fourth Amendment. Nothing more is required for § 1292(b) certification.

*Finally*, plaintiffs' repeated mantra that the Court did not, in its SJ Order, "establish[] a *per se* rule" of two hours from a determination of eligibility for an I-Bond to release (Dkt. No. 536 at 6, 9-10), is simply wrong. And the related suggestion that the Court's ruling cannot have any application in "different jurisdictions throughout the country" because "a booking number can be issued at different times by different jurisdictions" (*id.* at 6) is disingenuous. The Court held it established, as an undisputed fact, that the "issuance of a CB number is a meaningful indicator of when" a person's eligibility for release on an I-Bond (rather than having to wait for a probable cause hearing) "[i]s established." (Dkt. No. 523 at 16 n.11.) For as the Court later held, this eligibility determination (whenever it may be in a particular jurisdiction) is the legally significant starting point for Fourth Amendment purposes, and based on that ruling, the Court went on to hold that "as a matter of law" a detention of "two hours" or more from that eligibility determination to release "is excessive under the Fourth Amendment." (*Id.* at 19.) This broad Fourth Amendment question of law could apply in any police district, anywhere in the country, where some alternative to a probable cause hearing is offered for a certain class of persons arrested without a warrant, and thus has implications well beyond the City of Chicago. *See, e.g.*, *Bryant v. City of New York*, 404 F.3d 128, 132 (2d Cir. 2005) (discussing similar alternative procedure in New York).

For all of these reasons, then, the SJ Order implicates a "question of law" suitable for 1292(b) certification.

## II. THE SJ ORDER, RULING ON AN ISSUE OF FIRST IMPRESSION, IS CONTESTABLE.

The question at issue is also "contestable" within the meaning of § 1292(b). Plaintiffs' argument to the contrary mostly rehashes its contentions on whether the question is a "question of law." (Dkt. No. 536 at 11.) Those contentions are no more persuasive here than in the other parts of plaintiffs' brief.

Beyond that, plaintiffs simply assert, with some stridency, that the Court was right because it agreed with them, and indeed so right that the issue cannot be said to be contestable. But as set out in the City's brief, the firmness of plaintiffs' convictions is not the test.

The Court forthrightly admitted that it was the first to enunciate the concept of "steps incident to release" as something different than "steps incident to arrest" in the context of a Fourth Amendment analysis of a warrantless arrest for persons not going to a probable cause hearing. (Dkt. No. 523 at 18.) The Court was also the first to assign, as a matter of law, a constitutional time limit of 2 hours for police to perform such "steps incident to release." Plaintiffs do not seriously dispute that legal matters of first impression, by definition, are contestable for purposes of 1292(b) analysis. *See Carey v. Kerr-McGee Chemical, LLC*, (96-8583), 1999 WL 966484, *1 (N.D. Ill. Sept. 30, 1999). That is so even where the court "is loath to determine that there is a 'substantial likelihood' that it will be reversed on appeal." *In re Ocwen Federal Bank FSB*, 2006 WL 1371458, *3 (N.D. Ill. May 16, 2006); *see also City of Joliet v. Mid-City Nat. Bank*, 2008 WL 4889038, *2 (N.D. Ill. Jun. 13, 2008) (certifying order for § 1292(b) appeal).

Here, as in those cases, the City "present[s] well-reasoned arguments in support of [its] position," *In re Ocwen Federal Bank FSB*, 2006 WL 1371458 at *3—albeit ones this Court has declined to accept. That plaintiffs endorse their own arguments and the Court's decision is not surprising. But their doing so is not a reason for the Court to resist its "duty" to "allow an immediate appeal" here pursuant to § 1292(b). *Ahrenholz*, 219 F.3d at 677.

### III. THIS COURT SHOULD STAY FURTHER PROCEEDINGS PENDING THE SEVENTH CIRCUIT'S RESOLUTION OF THE MATTERS RAISED IN THE REQUESTED § 1292(b) CERTIFICATION.

Plaintiffs have not opposed the City's request for a stay. Accordingly, should the Court grant § 1292(b) certification here, it should also stay further proceedings pending the Seventh Circuit's resolution of the matter.

### CONCLUSION

For the reasons identified above and in the City's motion, the statutory criteria for certification under 28 U.S.C. § 1292(b) have been met. Definitive resolution of the controlling, contestable question of what the Fourth Amendment requires, and whether the City has met those requirements, is both justified and sensible; the Court should faithfully discharge its duty to grant the City's motion.

Dated: December 30, 2008              Respectfully submitted,

                                                                                    s/ Brian J. Murray
June K. Ghezzi, Bar No. 6185506
  jkghezzi@jonesday.com
Brian J. Murray, Bar No. 6272767
  bjmurray@jonesday.com
Morgan R. Hirst, Bar No. 6275128
  mhirst@jonesday.com
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601-1692
(312) 782-3939

ATTORNEYS FOR THE DEFENDANT

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following at their e-mail address on file with the Court:

Thomas G. Morrissey
10249 S. Western Avenue
Chicago, Illinois 60643
(773) 239-0387

Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-4878

Robert H. Farley, Jr.
1155 S. Washington Street
Naperville, Illinois 60540
(630) 369-0195

Judson H. Miner
Miner, Barnhill & Galland
14 West Erie Street
Chicago, IL 60610
(312) 751-0438

Michael Kanovitz
Loevy & Loevy
312 N. May St., Suite 100
Chicago, IL 60607
(312) 243-5902

s/ Brian J. Murray