

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD PORTIS, MADRIC LANCE, and EMMETT LYNCH, individually and on behalf of a class,<br><br>        Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, a municipal corporation; and TERRY G. HILLARD, Superintendent of the Chicago Police Department,<br><br>        Defendants. | No. 02 C 3139<br><br>Judge Robert W. Gettleman |

### ORDER GRANTING CITY OF CHICAGO'S MOTION TO CERTIFY INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) and FOR STAY PENDING REVIEW

On September 29, 2008, this court, in a memorandum opinion (Docket No. 523; the "September 9 Order") granted plaintiff's renewed motion for summary judgment, holding that the Fourth Amendment to the United States Constitution required the Chicago Police Department to release a person lawfully arrested without a warrant, for a municipal offense carrying a fine-only, non-jailable punishment, within two hours after the completion of all administrative procedures incident to the arrest, except non-discretionary ministerial acts. Thereafter, the City of Chicago requested the court to certify an interlocutory appeal of the September 9 Order pursuant to 28 U.S.C. § 1292(b) to the United States Court of Appeals for the Seventh Circuit. Plaintiffs opposed that motion, and the parties have fully briefed the issue.

Having fully considered the parties' briefs and arguments with respect to the City's motion for an interlocutory appeal, the court grants that motion because it finds that the order

presents a question of law that is controlling, is contestable, and the final resolution of the question would expedite resolution of this case. Although the court is confident that its ruling is correct, the City has raised vigorous argument opposing the ruling and has indicated a firm intention to appeal the ruling now or at a later date. More importantly, the remedy phase of this case would require an extensive and extremely costly and time-consuming series of procedures to determine the amount of damages to be awarded to the individual members of the extensive class on whose behalf this action has been prosecuted. In the event that the court's granting of summary judgment were to be reversed, the enormous amount of resources, time and money necessary to process and determine the claims of the class members would have been wasted.

For these reasons, the court grants the City's motion to certify an interlocutory appeal of the following holding of the September 9 Order:

> Whether the Fourth Amendment to the United States Constitution requires the release of persons lawfully arrested without a warrant, for a municipal offense carrying a fine-only, non-jailable punishment, within two hours after completion of all administrative steps incident to the arrest, except nondiscretionary ministerial acts.

In addition, the court stays these proceedings until further order of the court, and will set a status report date by separate order.

**ENTER:** January 12, 2009

Robert W. Gettleman
United States District Judge