IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD PORTIS, MARDRIC E. LANCE, AND EMMETT LYNCH, individually and on behalf of a class, | Case No. 02 C 3139 |
| Plaintiffs, | Judge Gettleman |
| vs. | Magistrate Judge Nolan |
| CITY OF CHICAGO, | |
| Defendant. | |

**CITY OF CHICAGO'S MOTION TO CERTIFY INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b) AND FOR STAY PENDING REVIEW**

This class action presents a Fourth Amendment question of first impression. In its September 9, 2008 Summary Judgment Order (the "SJ Order") granting plaintiffs' renewed motion for summary judgment, this Court ruled that the City of Chicago violated the Fourth Amendment as a matter of law, and on a classwide basis. The controlling question of law underpinning the decision and the case is this: Whether the Fourth Amendment mandates the release of a person lawfully arrested (without a warrant), for a municipal offense carrying a fine-only punishment, within two hours of getting a booking number at the police station. Because an appeal of that question now would materially advance this litigation, potentially eliminate wasteful discovery and trial time, and conserve judicial resources, the City respectfully requests that the Court certify the Order for interlocutory review under 28 U.S.C. § 1292(b). The City further requests that proceedings in this Court be stayed pending resolution by the Seventh Circuit.

## **LEGAL STANDARD**

28 U.S.C. § 1292(b) provides a mechanism for interlocutory appeal where, as here, a speedy resolution of a discrete legal issue by the appellate court is likely to hasten the litigation.[1] The procedure has two parts. First, the district court must certify its order resolving the legal issue for appeal. Then, the Court of Appeals must agree to hear the appeal. This motion pertains to the first of these requirements, certification by this Court.

District court certification is appropriate under § 1292(b) where four statutory criteria are satisfied: (1) there must be a question of law; (2) it must be controlling; (3) it must be contestable; and (4) its resolution must promise to speed up the litigation. *Ahrenholz v. Board of Trustees of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000); *see also Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1007-1008 (7th Cir. 2002) (finding 1292(b) certification appropriate where there were "questions of first impression, the application of [the law] to the facts alleged . . . is certainly contestable, and the resolution of the[] issues will facilitate the conclusion of the litigation."). Indeed, the Seventh Circuit has emphasized that it is the "duty of the district court . . . to allow an immediate appeal . . . when the[se] statutory criteria are met." *Ahrenholz*, 219 F.3d at 677.

The statute suggests that district court certification is accomplished by amending and entering the order to be certified itself (here the SJ Order) to state that the order satisfies the four statutory criteria. 28 U.S.C. § 1292(b); *see also* Fed. R. App. P. 5(a)(3) ("If a party cannot

---

[1] The full text of the statute states: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

petition for appeal unless the district court first enters an order granting permission to do so or stating that the necessary conditions are met, the district court may amend its order, either on its own or in response to a party's motion, to include the required permission or statement."). But the Seventh Circuit has authorized an alternative procedure, permitting certification to be accomplished by entry of a separate order "granting a motion for certification" like this one. *In re Hamilton*, 122 F.3d 13, 14 (7th Cir. 1997) (citations omitted) (noting that "[w]e have ... authorized this procedure"). Indeed, the Court has suggested a preference for this alternate procedure, noting that it is "a great help . . . if the district court, whenever it certifies a case for an immediate appeal . . ., explain[s] why it thinks the case satisfies the statutory criteria." *Id.*; *see* WRIGHT & MILLER, 16 FED. PRAC. & PROC. JURIS. 2D § 3930 ("It is better to explain the grounds . . ., giving the court of appeals the benefit of the district court's reasoning as an important factor in determining whether to grant permission to appeal.").

Finally, § 1292(b) states that certification does not, by itself, "stay proceedings in the district court." Further proceedings are stayed, following § 1292(b) certification, only where "the district judge or the Court of Appeals or a judge thereof shall so order."

## ARGUMENT

Because each of the four required criteria is satisfied here, § 1292(b) certification should be granted. In addition, the Court should stay further proceedings pending the Seventh Circuit's resolution of this interlocutory appeal.

**I.      THIS COURT SHOULD GRANT § 1292(b) CERTIFICATION.**

Each of the four statutory criteria for § 1292(b) certification is easily satisfied here: The City's petition presents (1) a question of law, that (2) is controlling, (3) is contestable, and (4) the resolution of which would speed up this case.[2]

**A.      The Court's Order Determined a Question of Law.**

There can be no real dispute that the issue decided by this Court that would be presented to the Seventh Circuit is a question of law. A "question of law," within the meaning of § 1292(b), is one that refers "to a 'pure' question of law rather than merely to an issue that might be free from a factual contest"; it is "something the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 676. So, for example, while "whether the party opposing summary judgment had raised a genuine issue of material fact" does not constitute a "question of law" within the meaning of § 1292(b), a question that "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine" does. *Id.*; *see* WRIGHT & MILLER, 16 FED. PRAC. & PROC. JURIS. 2D § 3930 ("If summary judgment rulings depend more on questions of law than investigation of the record for genuine issues . . . interlocutory appeal may be appropriate—certainly there are examples enough."). More specifically, courts have correctly certified orders granting summary judgment in a Fourth Amendment case, where the questions to be appealed were legal, rather than factual, in nature. *Calvin*, 2006 WL 1005141 (certifying summary judgment order granting liability under 42 U.S.C. § 1983 and the Fourth Amendment based on legal issues); *Estate of Escobedo v. City of Fort Wayne*, 2008 WL 4411485 (N.D. Ind. Sep. 25, 2008) (certifying an order denying

---

[2] There is also what one court has termed a "fifth, non-statutory requirement for certification under Section 1292(b), that the petition for certification be filed within a reasonable time." *Calvin v. Sheriff of Will County*, 2006 WL 1005141, *2 n.3 (N.D. Ill. Apr. 14, 2006). There can be no dispute that that criterion is satisfied here; the City brought this motion as soon as it was permitted to do so.

- 4 -

reconsideration of a partial grant of summary judgment in a Fourth Amendment case where the "arguments [we]re based on legal interpretations of Fourth Amendment and due process rulings, not disputes over genuine issues of material fact").

Here, the City is not seeking to ask the Seventh Circuit to review whether disputed issues of fact should have precluded a grant of summary judgment to plaintiffs. What is at issue is the broad question of law underpinning the Court's SJ Order: Whether the Fourth Amendment mandates the release of a person lawfully arrested (without a warrant), for a municipal offense carrying a fine-only punishment, within two hours of getting a booking number at the police station. The Court sided with the plaintiffs on the question, and in doing so established a *per se* rule. (*Id.* at 19.) The City merely seeks to place this question and answer before the Seventh Circuit. And its resolution, far from requiring "hunting through the record . . . to see whether there may be a genuine issue of material fact lurking there," *Ahrenholz*, 219 F.3d at 677, is a classic legal endeavor, squarely in the heartland of § 1292(b) certification.

**B.     The Answer to This Questions of Law Is Controlling.**

The answer to the legal question presented here is likewise "controlling" under 28 U.S.C. § 1292(b). "Controlling," in this context, "means serious to the conduct of the litigation, either practically or legally." *Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991). Thus, a question is "controlling" where "its resolution is quite likely to affect the further course of litigation, even if not certain to do so." *Armstrong v. LaSalle Bank, N.A.*, 2007 WL 704531, *4 (N.D. Ill. Mar. 2, 2007). Indeed, it is black-letter law that § 1292(b) certification is appropriate if "interlocutory reversal might save time for the district court, and time and expense for the litigants," even if it is not a sure thing that the appeal will "lead to reversal." *Johnson*, 930 F.2d at 1206.

Here, should the City prevail on appeal, it will materially change the landscape of this case. The City's CPD General Orders providing the procedures for processing persons under Departmental control are used in each arrest. The Orders themselves explicitly state that no one's release shall be unreasonably delayed. The City has conformed its treatment of fine-only offenders arrested without a warrant to what is required by *County of Riverside v. McLaughlin*, 500 U.S. 44 (1991), and its progeny. The City has maintained throughout the case that this is what the Fourth Amendment requires: the length of detention of such person from arrest to release must be, in its entirety, "reasonable" within the meaning of the Fourth Amendment, and detentions of less than 48 hours are presumptively reasonable. (*See, e.g.*, Dkt. Nos. 10, 31, 56, 95, 435, and 490); *see also Lewis v. O'Grady*, 853 F.2d 1366, 1370 (7th Cir. 1988) ("Both *Moore* and *Gramenos* . . . address the reasonableness of the delay between an arrest and *either* a release *or* an appearance before a magistrate.") (emphases added). This Court has stated otherwise. (*See, e.g.*, Dkt. No. 64 at 6 (City's reliance on *McLaughlin* demonstrates "either an error in comprehending or unwillingness to accept the exact nature of plaintiffs' claims").) Ultimately, the Court held that, for this class of offenders, there is a separate constitutional requirement applicable only to the period between the issuance of a booking number and release—that the length of that portion of detention cannot, as a matter of law, exceed two hours without violating the Fourth Amendment's "reasonableness" standard. (Dkt. No. 523 at 19.)

The issue the City seeks to appeal, then, is controlling both legally and practically.

**C. The Court's Legal Ruling on an Issue of First Impression Is Contestable.**

The Court has already noted the apparent contestability of the September 9, 2008 Order by acknowledging the legal issue here as one of "first impression." (Dkt. No. 523 at 18, 19.) Nothing more is needed to find that the controlling issue of law in the SJ Order, which the City seeks to have certified, is "contestable." By definition, legal matters of first impression are

contestable for purposes of 1292(b) analysis. *See Carey v. Kerr-McGee Chemical, LLC*, (96-8583), 1999 WL 966484, *1 (N.D. Ill. Sept. 30, 1999) (granting certification under 28 U.S.C. § 1292(b) where "[e]xcept for a single district court opinion from another jurisdiction that held to the contrary [citation], this court's opinion in the instant case is the only published decision on this difficult issue, which will control the course of this litigation").

The Court need not find that it will or even ought to be reversed—only that the question is not foreclosed by clear precedent. Indeed, numerous Northern District of Illinois decisions make plain that certification is appropriate in cases where "the court is presented with a complex legal issue on which there is no controlling Seventh Circuit precedent," even where the court "is loath to determine that there is a 'substantial likelihood' that it will be reversed on appeal." *In re Ocwen Federal Bank FSB*, 2006 WL 1371458, *3 (N.D. Ill. May 16, 2006); *see also City of Joliet v. Mid-City Nat. Bank*, 2008 WL 4889038, *2 (N.D. Ill. Jun. 13, 2008) (certifying order for § 1292(b) appeal).

Here, as in those cases, the City "present[s] well-reasoned arguments in support of [its] position," *In re Ocwen Federal Bank FSB*, 2006 WL 1371458 at *3—albeit ones this Court has declined to accept. On the City's side, it has long maintained that this case, like any other case about the reasonableness of detentions of persons arrested without a warrant, fits within the purview of *McLaughlin* and its progeny. The detentions at issue cannot be conceptually split, for purposes of the Fourth Amendment, into segments of activity between arrest and release and analyzed piecemeal. *See, e.g.*, *United States v. Arvizu*, 534 U.S. 266, 274 (2002) (rejecting Court of Appeals' "evaluation and rejection of seven of the listed factors in isolation from each other," because precedent "precludes this sort of divide-and-conquer analysis"); *United States v. Banks*, 540 U.S. 31, 42 (2003) ("Here, as in *Arvizu*, the Court of Appeals's overlay of a categorical

scheme on the general reasonableness analysis threatens to distort the 'totality of the circumstances' principle, by replacing a stress on revealing facts with resort to pigeonholes").

Moreover, even if part of the detention for fine-only offenders (between when they are issued a CB number and release) could be segregated and examined in isolation for reasonableness (which is not permissible), the City has argued that the result should be no different. For even taking on its own terms the analogy to cases where a prisoner is entitled to release (and the analogy is imperfect, for that is the entirety of the "detention" in those cases, not just part), the law is that processing must be done within a "reasonable" time; there is no *per se* rule. *See Lewis v. O'Grady*, 853 F.2d 1366, 1370 (7th Cir. 1988) ("It is virtually impossible to establish an absolute minimum time to meet all potential circumstances which might exist. What is a reasonable time for detaining a prisoner in custody is a question best left open for juries to answer based on the facts presented in each case.").

The Court disagreed, holding that this case is different because it involves persons who are not intended to be taken to a probable cause hearing, and that accordingly this case sets, for the first time, the Constitutional limit of two hours "to the time [law enforcement] officials may take to complete the administrative steps incident to release" for such persons after issuance of a CB number. (Dkt. No. 523 at 19.) The City simply asks that the Seventh Circuit be permitted to offer its view on this long-contested and central legal proposition. There are arguments on both sides, and no clear precedent answers what this Court agreed was a matter of first impression.

This prong of the § 1292(b) analysis, too, is thus satisfied.

### D. Grant of an Interlocutory Appeal Would Materially Advance the Litigation.

Finally, perhaps the element that weighs most in favor of § 1292(b) certification is that earlier appellate resolution of the Fourth Amendment issue that is the centerpiece of this Court's SJ Order would materially advance this litigation. A reversal by the Seventh Circuit would allow

- 8 -

the parties and the Court to avoid what everyone recognizes will be a grueling and expensive damages phase of this case. If the Seventh Circuit were to hold that the City did not violate plaintiffs' Fourth Amendment rights, this case would be over, no damages phase would need to take place, and countless taxpayer dollars would be saved. Even if the Seventh Circuit only partially reversed the trial court's decision, that would likely streamline the case considerably.

The prospect of avoiding extensive discovery and fact-finding on damages has led other district courts in this Circuit to grant interlocutory appeals: "[i]f the court of appeals reverses [the court's order,] that decision will be dispositive of the case . . . [and there] is an abundant authority supporting the proposition that an interlocutory appeal is appropriate with respect to orders granting partial summary judgment on the issue of liability." *Stong v. Bucyrus-Erie Co.*, 476 F. Supp. 224, 225 (N.D. Wis. 1979); *see also Calvin*, 2006 WL 1005141 (certifying summary judgment in favor plaintiffs on liability only); *Hodgkins v. Goldsmith*, 2000 WL 892964, *27, n. 27 (N.D. Ind. Jul. 3, 2000) (noting the propriety of an interlocutory appeal of a liability finding because the remaining damages issues would be rendered moot if the court of appeals determined that defendant's conduct did not violate the Fourth Amendment.).

The potential savings in time, expenses, and judicial resources by early Seventh Circuit resolution of the Fourth Amendment issue the City seeks to appeal, which goes to the heart of this case, is self-evident. Thus, this last § 1292(b) statutory factor is also satisfied.

**II. THIS COURT SHOULD STAY FURTHER PROCEEDINGS PENDING THE SEVENTH CIRCUIT'S RESOLUTION OF THE MATTERS RAISED IN THE REQUESTED § 1292(b) CERTIFICATION.**

For all the reasons set out above, including avoiding potentially expensive discovery, and needless waste of this Court's resources, should the Court grant § 1292(b) certification here, it should also stay further proceedings pending the Seventh Circuit's resolution of the matter.

## CONCLUSION

All of the factors for certification under 28 U.S.C. § 1292(b) are met here. Perhaps the most important factor, however, is that common sense dictates trying to move this case to a conclusion, and § 1292(b) certification does just that. Since its filing in 2002, the contested, controlling issue in this case has been whether the Fourth Amendment is violated in this case. Resolution of that issue now on an interlocutory appeal to the Seventh Circuit, and a stay of further proceedings pending such resolution, is both justified and sensible.

Dated: December 3, 2008

Respectfully submitted,

s/ Brian J. Murray
June K. Ghezzi, Bar No. 6185506
  jkghezzi@jonesday.com
Brian J. Murray, Bar No. 6272767
  bjmurray@jonesday.com
Morgan R. Hirst, Bar No. 6275128
  mhirst@jonesday.com
JONES DAY
77 West Wacker Drive
Chicago, Illinois 60601-1692
(312) 782-3939

ATTORNEYS FOR THE DEFENDANT

## CERTIFICATE OF SERVICE

      I hereby certify that on December 3, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following at their e-mail address on file with the Court:

Thomas G. Morrissey
10249 S. Western Avenue
Chicago, Illinois 60643
(773) 239-0387

Mark G. Weinberg
3612 N. Tripp Avenue
Chicago, Illinois 60641
(773) 283-4878

Robert H. Farley, Jr.
1155 S. Washington Street
Naperville, Illinois 60540
(630) 369-0195

Judson H. Miner
Miner, Barnhill & Galland
14 West Erie Street
Chicago, IL 60610
(312) 751-0438

Michael Kanovitz
Loevy & Loevy
312 N. May St., Suite 100
Chicago, IL 60607
(312) 243-5902

                                                        s/ Brian J. Murray